IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVOR TERIHAJ, et al.,       )
                             )
            Plaintiffs,      )
                             )
      v.                     )      No.  09 C 4865
                             )
NATIONWIDE CREDIT, INC.,     )
                             )
            Defendant.       )

MEMORANDUM ORDER

This action provides a classic example of the unwisdom of making an open-ended Fed. R. Civ. P. ("Rule") 68 offer of judgment. Nationwide Credit, Inc. ("Nationwide") tendered an offer that quantified the amount payable on the underlying claim itself--$1,500--but Nationwide then added to the terms of the offer "plus reasonable attorneys' fees and costs to date." That offer was timely accepted by counsel for the Terihaj plaintiffs,[1] but now the unliquidated added wild card has generated a claim that would more than treble Nationwide's costs:  Plaintiffs' counsel seeks $3,287.50 in claimed fees and $376.49 in claimed costs.

It should be noted at the outset that a lodestar approach--multiplying counsel's time devoted to the case by a reasonable hourly rate--is not necessarily the measure of a

---

[1] It was transmitted on October 8, 2009 and accepted on October 19. Under the provisions of Rule 6(a)(2) as it existed before December 1 of this year, both intervening weekends were added to the 10-day period that Rule 68 then allowed for acceptance.

reasonable fee.  This was filed as an individual action, with no putative class allegations, and Nationwide's asserted law-violative debt collection activities were not alleged to have caused material actual damages to plaintiffs (thus signaling a more likely award of statutory damages).  Thus the highly disproportionate relationship between (1) the purported lodestar figure (at least on the terms sought by Terihajes' counsel, of which more later) and (2) the amount of the Rule 68 accepted offer would appear to call for a major cutback from a lodestar approach.

But there is more.  Although it is of course always difficult to evaluate time spent in legal representation from the outside and in hindsight, here the time records of the Terihajes' counsel include (1) more than 35 entries of .1 hour, the minimum unit recorded by counsel, that seem most likely to reflect a major overstatement of reasonableness in terms of such a small claim and (2) other more substantial and substantive entries that seem out of line with counsel's affidavit in which he asserts a great deal of prior experience in this area of litigation, "hav[ing] litigated and or settled well in excess of 50 FDCPA claims in Illinois on behalf of individual consumers."  Lastly in lodestar terms, a $250 hourly rate for services in this type of individual consumer case (and perhaps in other areas as well) for a lawyer with just two years of practice under his belt would seem difficult to justify.

This Court is seeking further publicly available information that would be useful in reaching a determination in this action. In the meantime, however, it is fair to say that the amount ultimately awarded by this Court will most likely be far less than the amount requested, although Nationwide's suggestion of a $1,000 award also appears unreasonable in the other direction. Both sides would seem well advised to return to the negotiating table, rather than rolling the dice as to this Court's resolution of the matter. If they cannot reach common ground quickly, however, this Court would welcome any useful input that either might provide.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 9, 2009